[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5874
The above-captioned matter comes before the court on defendant's Motion for Contempt and on plaintiff's Motion for Contempt and Motion to Open and Modify Alimony.
The court heard testimony on December 7, 1998 and January 11, 1999.
The court will first address the defendant's Motion for Contempt wherein the defendant alleges that the plaintiff has failed to pay alimony of $300 per week, has failed to maintain a First Colony Life Insurance policy in the amount of $179,000 and has failed to provide health insurance coverage for the defendant for two years.
The court could reasonably find from the evidence that as of December 7, 1998, the plaintiff was in arrears in the amount of $4,847 since the previous arrearage, $1,780.
Further, it is uncontroverted that the plaintiff has failed to maintain the life insurance policy and the health insurance.
The plaintiff maintains that the defendant's cohabitation erases the obligation to pay alimony and the obligation to maintain life insurance. In the alternative, he proposes that the alimony obligation is terminated by the bankruptcy.
The court does not agree on either count. Although the decree did not recite the statutory language of cohabitation as a condition precedent to the termination of alimony, our Supreme Court has ruled that the "non-statutory cohabitation" includes the financial impact of the living arrangement on the cohabitating spouse. DeMaria v. DeMaria, 247 Conn. 715 (1999).
Since the plaintiff has failed to convince the court that the relationship between the defendant and Patrick Ruskovich created a financial impact, the plaintiff has failed to carry his burden. There was no evidence presented which the court could find that showed an economic benefit for the defendant.
Equally unavailing is the argument the bankruptcy discharges an alimony arrearage. See Bankruptcy Code, Section 523(a)(5).
Before the court can enter any orders, it must first address the plaintiffs defenses, his Motion for Contempt and for CT Page 5875 Modification.
The court finds that the more credible evidence is that the defendant has failed to deliver to the plaintiff two Indian lithographs and, therefore, is in contempt of the court order.
The court further finds that the reasonable value of these two lithographs is $2,400.
The court, based upon the testimony presented, orders as follows:
(1) The plaintiff is in wilful contempt of the court order for failure to provide medical insurance coverage for the defendant.
(2) The defendant is in wilful contempt of court for failure to provide all of the lithographs as indicated above.
(3) There is a total alimony arrearage as of January 25, 1999 of $8,727.
(4) The issue as to maintenance of the life insurance policy shall be referred to Judge Austin since the plaintiffs counsel makes a compelling argument as to what the intention was as to the maintenance of said policy.
(5) The plaintiff shall pay all of the defendant's uninsured medical expenses from the date of the dissolution to March 12, 2000.
(6) Each party shall pay his or her own attorney's fees.
(7) The plaintiff shall obtain a policy of health insurance for the defendant or, in the alternative, pay the premiums to the defendant up to March 12, 2000.
(8) The plaintiff shall receive a credit of $2,400 for the lithographs.
(9) The alimony arrearage, as of January 25, 1999, after the credit of $2,400 is $6,327, which shall be paid as follows:
(A) $3,000 on or before July 1, 1999;
(B) $2,000 on or before September 1, 1999;
(C) $1,327 on or before November 1, 1999 CT Page 5876
(10) The plaintiff shall continue to pay his weekly order of alimony.
Mihalakos, J.